NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| EDWARD L. POWELL, | : | |
|  | : | Civil Action No. 11-306 (RBK-KW) |
| Plaintiff, | : | |
|  | : | **OPINION** |
| v. | : | |
|  | : | |
| SANDRA DEAN, KEVIN HOWARD, | : | |
| and DAVID FAVATA, | : | |
|  | : | |
| Defendants. | : | |

**KUGLER**, United States District Judge**:**

Plaintiff Edward L. Powell, III ("Plaintiff"), a former inmate at the James T. Vaughn Correctional Center ("VCC"), Smyrna, Delaware, who proceeds pro se and has been granted in forma pauperis status, filed this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.   **BACKGROUND**

The following factual allegations are taken from Plaintiff's Complaint and its exhibits and are accepted as true for purposes of this review. (D.I. 3.)

Plaintiff was represented by Defendant Assistant Public Defender Sandra Dean ("Dean") in a criminal matter. Plaintiff became unhappy with her representation and Dean moved to withdraw as his attorney. Defendant Kevin Howard ("Howard"), a private attorney, then

represented Plaintiff in the criminal matter. Defendant Deputy Attorney General David Favata represented the State of Delaware in the criminal matter.[1]

## II. STANDARDS FOR SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67

---

[1] Plaintiff filed a civil rights action against Favata for actions taken by him as the prosecutor in the criminal matter. See Powell v. McGiffin, Civ. No. 11-139 (RBK-KW). The Complaint was dismissed as frivolous on May 6, 2011. (Id. at D.I. 8, 9.)

F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. See Ashcroft v. Iqbal, –U.S.–, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949.

When determining whether dismissal is appropriate, the Court conducts a two-part analysis. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. Id. The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions. Id. at 210-11. Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that Plaintiff has a "plausible claim for relief."[2] Id. at 211. In other words, the Complaint must do more than allege

---

[2]A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. Iqbal,129 S.Ct. at

Plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. 42 U.S.C. § 1983

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

## IV. ANALYSIS

### A. State Actor

The Complaint raises claims against Dean, an assistant public defender, and Howard, a private attorney, both of whom represented Plaintiff in a criminal matter. To act under "color of state law" a defendant must be "clothed with the authority of state law." West, 487 U.S. at 49. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. Polk County v. Dodson, 454 U.S. 312 (1981). Howard is a private attorney who represented Plaintiff in a criminal matter. Similar to Dean, he is not "clothed with the authority of state law." See Reichley v. Pennsylvania Dep't of Agric., 427 F.3d 236, 244-45 (3d Cir. 2005); Biener v. Calio, 361 F.3d 206, 216-17 (3d Cir.

---

1949 (quoting Twombly, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

4

2004). Therefore, the § 1983 claims against Plaintiff's defense counsel are not cognizable as a matter of law.

Plaintiff's § 1983 claims against Dean and Howard have no arguable basis in law or in fact and, therefore, are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

### B. Prosecutorial Immunity

The Complaint names Favata, a prosecutor and Deputy Attorney General for the Delaware Department of Justice, as a defendant. The body of the Complaint contains no allegations directed towards Favata. Numerous exhibits to the Complaint refer to Favata in his capacity as the prosecutor in Plaintiff's criminal matter.

A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citing Boykins v. Ambridge Area Sch. Dist., 621 F.2d 75, 80 (3d Cir. 1980); Hall v. Pennsylvania State Police, 570 F.2d 86, 89 (3d Cir. 1978)). Because there are no allegations directed towards Favata, he cannot adequately respond to the Complaint.

To the extent that Plaintiff seeks to allege that Favata acted improperly during the criminal proceedings, this Court has previously determined that said claim is frivolous. See Powell v. McGiffin, Civ. No. 11-139 (RBK-KW) at D.I. 8, 9 (Complaint dismissed as frivolous on May 6, 2011). Although a dismissal pursuant to § 1915(e)(2)(B) is not a dismissal on the merits, "[i]t could, however, have a res judicata effect on frivolousness determinations for future in forma pauperis petitions." Denton v. Hernandez, 504 U.S. 25, 34 (1992) (citations omitted). Plaintiff,

who proceeds in forma pauperis, once again names Favata as a defendant apparently based upon his role as the prosecutor in Plaintiff's criminal matter. Accordingly, the Court finds that Plaintiff's claim against Favata is barred under the doctrine of res judicata or claim preclusion.

## V.     CONCLUSION

For the reasons set forth above, the Complaint is dismissed as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Amendment of the Complaint would be futile. An appropriate order shall follow.


Date: September 26, 2011

>                                    s/Robert B. Kugler
>                                    ROBERT B. KUGLER
>                                    United States District Judge